**VIRGINIA:**

### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

JOHN ELLIOTT )

and )

LAURA ELLIOTT, )

       Plaintiffs, )     Case No. CL 63454

    v. )     **JURY TRIAL DEMANDED**

GREAT POINT PARTNERS, LLC )
The Corporation Trust Company, R/A )
Corporation Trust Center )
1209 Orange Street )    **SERVE BY PRIVATE PROCESS**
Wilmington, DE 19801 )

       Defendant )

          )

## COMPLAINT

COMES NOW Plaintiffs John and Laura Elliott, and bring this action seeking rescission against Defendant Great Point Partners, LLC, and respectfully represent as follows.

### PARTIES

1.    Plaintiffs John and Laura Elliott (the "Elliotts" or the "Plaintiffs"), husband and wife, are residents of Loudoun County, Virginia.

2.    Defendant Great Point Partners, LLC ("GPP" or the "Defendant") is a Delaware Limited Liability Company with a principal place of business in Greenwich, Connecticut.

### JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court pursuant to Virginia Code § 8.01-328.1 as the Defendant caused tortious injury to a citizen of the Commonwealth in this Commonwealth.



EXHIBIT
A
ALL-STATE LEGAL®

4.      Venue is proper in Loudoun County, Virginia pursuant to Virginia Code § 8.01-261 et seq.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

5.      The Elliotts are shareholders of Mediatech, Inc. ("Mediatech"), a Virginia Stock Corporation.

6.      In mid-2010, GPP approached the Elliotts regarding an offer to purchase the Elliotts' shares in Mediatech.

7.      On June 30, 2010, GPP made a PowerPoint presentation to John Elliott in support of its stock purchase proposal.  Said PowerPoint presentation was given by Adam B. Dolder and David E. Kroin, both managing directors of GPP.

8.      GPP represented to John Elliott that the contents of the June 30, 2010 presentation were based on extensive due diligence conducted by GPP.

9.      The contents of GPP's June 30, 2010 presentation contained several provably false representations, including but not limited to the following:

    a.  Mediatech has experienced no EBITDA growth in 2010;

    b.  Mediatech is fully drawn on its credit facilities;

    c.  Mediatech's BB&T revolving line of credit is due in full and BB&T is prepared to foreclose; and

    d.  Mediatech's payables have been stretched beyond reasonable limits.

10.     The above misrepresentations were made verbally and in writing to Mr. Elliott.

11.     The above misrepresentations were known by GPP to be false at the time they were uttered and presented to Mr. Elliott in writing.

2

12.    In reliance on the above misrepresentations, the Elliotts signed GPP's proposed stock purchase agreement dated July 15, 2010, agreeing to sell their shares in Mediatech to GPP for far less than their true value.

## COUNT I
### Fraudulent Inducement to Contract

13.    The allegations in paragraphs 1 through 12 are re-alleged and incorporated by reference as if fully set forth herein.

14.    GPP's statements referenced in Paragraph 9, above, were false when uttered.

15.    GPP knew that the statements referenced in Paragraph 9, above, were false.

16.    GPP made the statements referenced in Paragraph 9, above, with the intent to induce the Elliotts to enter into the stock purchase Agreement.

17.    The Elliotts reasonably relied on GPP's statements referenced in Paragraph 9, above, because GPP represented that they were based on extensive due diligence.

18.    GPP's statements referenced in Paragraph 9, above, proximately caused the Elliotts to enter into the Agreement, which caused injury to the Elliotts because the shares were sold at far below their fair value.

19.    The Agreement called for the 1,063,437.5 shares to be purchased by GPP at $4 per share or $4,253,750, when the actual value per share was $10 per share or $10,634,375, a difference of $6,380,625.

20.    Because their acceptance of the Agreement was procured by fraud, the Elliotts are entitled to rescission or cancellation of the Agreement.

WHEREFORE, Plaintiffs ask this Court to award judgment against Defendant as follows:

(i)    rescission and cancellation of the Agreement; or

(ii)   compensatory damages in the amount of $6,380,625, and

(iii)   punitive damages in the amount of $19,141,875, and

(iv)   pre-judgment and post-judgment interest at the maximum rates allowed by law, and

(v)   such further relief as the Court may deem just and proper.

Respectfully Submitted,
JOHN ELLIOTT and
LAURA ELIOTT
By Counsel

Michael J. Seck (VSB No. 47390)
LAW OFFICES OF MICHAEL J. SECK, PLC
199 Liberty Street, S.W.
Leesburg, Virginia 20175
Tel.: 703-777-2881
Fax: 703-777-9113
secklaw@yahoo.com