UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GREAT POINT PARTNERS, LLC,                )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )   Civil Action No. 1:10-cv-01047
                                          )
JOHN ELLIOTT,                             )
                                          )
                    Defendant.            )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, John Elliott, by counsel and for his answer to the Plaintiff's, Great Point Partners, LLC ("Great Point"), Complaint, states as follows:

1. Defendant admits that there was a stock purchase agreement between the Defendant and Great Point but denies that he breached said contract and demands strict proof thereof.

2. Defendant admits that he entered into a written contract with the Great Point and denies the other portions of paragraph 2 and demands strict proof thereof.

3. Defendant lacks sufficient knowledge to admit or deny paragraph 3 therefore it is denied and strict proof is demanded.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Defendant lacks sufficient knowledge to admit or deny paragraph 8 therefore it is denied and strict proof is demanded.

9. Paragraph 9 is admitted.

10. Defendant admits that he was a co-founder of Mediatech and was employed with Mediatech for over 20 years all other allegations are denied.

11. Defendant admits paragraph 11.

12. Defendant denies the allegations in paragraph 12 and demands strict proof thereof.

13 Defendant admits that Great Point representatives met with John and Laura Elliott and a family advisor to discuss the purchase of stock all other allegations are denied and strict proof thereof is demanded.

14. Defendant lacks sufficient knowledge to admit or deny paragraph 14 therefore it is denied.

15. Defendant admits paragraph 15.

16. Defendant denies paragraph 16 and demands strict proof thereof.

17. Defendant denies paragraph 17 and demands strict proof thereof.

18. Defendant admits paragraph 18.

19. Defendant admits that it entered into a stock purchase agreement with Great Point and denies all other allegations and demands strict proof thereof.

20. Defendant denies paragraph 20 and demands strict proof thereof.

21. Defendant denies paragraph 21 and demands strict proof thereof.

22. Defendant denies paragraph 22 and demands strict proof thereof.

23. Defendant denies paragraph 23 and demands strict proof thereof.

24. Defendant denies paragraph 24 and demands strict proof thereof.

25. Defendant lacks sufficient knowledge to admit or deny paragraph 25 therefore it is denied.

26. Defendant denies paragraph 26 and demands strict proof thereof.

27. Defendant admits the August 31, 2010, letter was received by Great Point and denies the remainder of paragraph 27 and strict proof thereof is demanded.

28. Defendant denies paragraph 28.

29. See answers 21-28.

30. Defendant denies paragraph 30 and demands strict proof thereof.

31. Defendant denies paragraph 31 and demands strict proof thereof.

32. Defendant denies paragraph 32 and demands strict proof thereof.

33. Defendant denies paragraph 33 and demands strict proof thereof.

34. Defendant denies paragraph 34 and demands strict proof thereof.

35. Defendant lacks sufficient knowledge to admit or deny paragraph 35 therefore it is denied.

36. Defendant lacks sufficient knowledge to admit or deny paragraph 36 therefore it is denied.

37. Defendant denies paragraph 37 and demands strict proof thereof.

38. Defendant admits paragraph 38.

39. Defendant lacks sufficient knowledge to admit or deny paragraph 39 therefore it is denied.

40. Defendant denies paragraph 40 and demands strict proof thereof.

41. See paragraphs 1-41.

42. Defendant denies paragraph 42 and demands strict proof thereof

43. Defendant denies paragraph 43 and demands strict proof thereof.

44. Defendant denies paragraph 44 and demands strict proof thereof.

45. Defendant denies paragraph 45 and demands strict proof thereof.

Date: October 25, 2010

_____/s/_____

The Law Office of Michael J. Seck PLC

199 Liberty Street SW, 1st Floor

Leesburg, Virginia 20175

Telephone: (703)777-2881

Fax: (703)777-9113

***Counsel for Defendant John Elliott***

secklaw@yahoo.com

## Certificate of Service

I hereby certify that on the 25th day of October, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

LECLAIRRYAN, A PROFESSIONAL CORPORATION

Charles Michael Sims (VSB No. 35845)

Joanna Lee Faust (VSB No. 72930)

Riverfront Plaza, East Tower

951 East Byrd Street, Suite 800

Richmond, Virginia 23219

Telephone: (804)783.2003

Fax: (804)783.2294

***Counsel for Plaintiff Great Point Partners, LLC***

*Of Counsel*:

MORRISON COHEN LLP
Donald H. Chase
David A. Piedra
909 Third Avenue
New York, New York 10022
Phone:     (212) 735-8684
Fax:        (212) 735-8708

/s/
Joseph A. Cerroni, Esq. (20062)
Counsel for Defendant